moving old buildings and rubbish from the grounds and from encountering quicksand and water in making the excavations and laying the foundations, since the lessors are presumed to know that in making excavations and laying foundations for buildings in Chicago quicksand and water will probably be encountered.

## Grand Lodge Independent Western Star Order, Appellee, v. Illinois Surety Company, Appellant.

### Gen. No. 19,856. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the October term, 1913. Reversed with finding of fact. Opinion filed October 13, 1914.

### Statement of the Case.

Action by Grand Lodge Independent Western Star Order, a corporation, against Illinois Surety Company on a fidelity bond. By the terms of the bond defendant guarantied to reimburse plaintiff for such pecuniary loss as it should sustain by any act of larceny or embezzlement on the part of A. R. Fifer, Grand Endowment Treasurer of plaintiff, committed between October 21, 1911, and October 21, 1912. The bond was in the penal sum of $6,000. Plaintiff had judgment for $5,457.86, which was the amount plaintiff claimed Fifer embezzled from it. To reverse the judgment, defendant appeals.

By the terms of the bond it was provided that plaintiff "on his becoming aware of any act which may be made the basis of any claim hereunder, shall, within ten days, give the Company notice thereof by telegraph at the Company's expense, and in writing by a registered letter, addressed to the Secretary of the Company, Chicago, Illinois, * * * and this Bond

shall become void both as to any existing or future liabilities thereunder unless the aforesaid notice shall have been given as provided for."

HOPKINS, PEFFERS & HOPKINS, for appellant.

JULIUS GOLDZIER and WILLIAM A. JONESI, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

INDEMNITY, § 12*—*when obligor in fidelity bond discharged from liability for failure of obligee to give notice.* Where a fidelity bond was given to a fraternal Order by a surety company to indemnify the Order against larceny or embezzlement on the part of its treasurer, the bond providing that the Order on becoming aware of any shortage should notify said surety company within ten days, *held* that the surety company was discharged from any liability for the reason the Order failed to give the notice within the required ten days, it appearing that the officers of the Order had definite and accurate information as to the exact amount of the shortage in the treasurer's accounts more than ten days before giving the notice.

---

**Harry A. Biossat, Appellee, v. Sarah Betz Eckhardt, Appellant.**

### Gen. No. 19,880. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914. Rehearing denied October 27, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.